Meredith F. Bergman (SB# 242840)
JOHNSON GALLAGHER MAGLIERY LLC
99 Wall Street, 15th floor
New York, NY 10005
Telephone: (212) 248-2220
Facsimile: (212) 248-0170
Email: mbergman@jgmlaw.com
Attorneys for Defendant Erin Heidenreich

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC AISEN,<br><br>               Plaintiff,<br><br>         v.<br><br>KAREN BERG, PHIL BERG, MICHAEL BERG, YEHUDA BERG, MADONNA CICCONE, ERIN HEIDENREICH, HAYDEN HOUSER, STEPHANIE HOUSER, ASHTON KUTCHER, CINECTIC, KABBALAH CENTRE AND THEIR ENTITIES, AND LAUNCH FLIX,<br><br><br>               Defendants. | Civil Action No.: 2:11-cv-02627 (AHM)(JCGx)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ERIN HEIDENREICH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6), OR FOR SUMMARY JUDGMENT PURSUANT TO RULE 56**<br><br>Hearing Date:   June 20, 2011<br>Time:          10:00 a.m.<br><br>The Honorable A. Howard Matz |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................. ii

PRELIMINARY STATEMENT ........................................................... 2

FACTUAL BACKGROUND ............................................................... 2

ARGUMENT ....................................................................................... 4

    I.     Standards on a Motion to Dismiss ........................................ 4

    II.    Plaintiff's Allegations Are Insufficient to

         State a Civil RICO Claim ................................................. 6

         A.  Plaintiff Does Not Allege a Pattern of Racketeering Activity...... 7

         B.  Plaintiff Lacks Standing to Bring a Civil RICO Claim.............. 9

         C.  Plaintiff Fails to Plead the Existence of an Alleged

           "Enterprise" with Particularity…………………………………….. 10

CONCLUSION ..................................................................................... 11

**TABLE OF AUTHORITIES**

<u>Cases</u>                                                                          <u>Page(s)</u>

*Ashcroft v. Iqbal,*

      129 S.Ct. 1937 (2009)...............................................................4, 5

*Baisden v. Bourne,*

      No. 8:06CV517, 2006 WL 3833329 (D. Neb. Dec. 29, 2006).........................5

*Bell Atlantic Corp. v. Twombly,*

      550 U.S. 544, 127 S.Ct. 1955 (2007)...................................................4, 5

*Bonin v. Calderon,*

      59 F.3d 815 (9th Cir.1995)...........................................................5

*Brazil v. U.S. Dept. of Navy,*

      66 F.3d 193 (9th Cir. 1995)..........................................................5, 9

*Cato v. U.S.,*

      70 F.3d 1103 (9th Cir. 1995).............................................................

*Chaset v. Fleer/Skybox Int'l, LP,*

      300 F.3d 1083 (9th Cir. 2002)........................................................10

*Efron v. Embassy Suites (Puerto Rico), Inc.,*

      223 F.3d 12 (1st Cir. 2000).............................................................8

*Flores v. S. Peru Copper Corp.,*

      343 F.3d 140 (2d Cir. 2003)..............................................................

*Grove v. Mead School Dist. No. 354,*

      753 F.2d 1528 (9th Cir. 1985) ........................................................6

*Guaylupo-Moya v. Gonzales,*

      423 F.3d 121 (2d Cir. 2005)..............................................................

*Hamm v. Rhone-Poulenc Rorer Pharms., Inc.,*

      187 F.3d 941 (8th Cir. 1999)............................................................7

*H.J. Inc. v. Northwestern Bell Tel. Co.,*

      492 U.S. 229 (1989)....................................................................7-8

*Holmes v. Securities Investor Protection Corp.,*

    503 U.S. 258 (1992) ………………………………………….................... 9-10

*In re The Dow Co. Sarabond Products Liab. Lit.,*

    666 F. Supp. 1466 (D. Col. 1987)……………………………………………. 6

*Jennings v. Auto Meter Products, Inc.,*

    495 F.3d 466 (7th Cir. 2007)………………………………………………. 9

*Lopez v. Smith,*

    203 F.3d 1122, 1129 (9th Cir. 2000)……………………………………….. 5

*McQuillion v. Schwarzenegger,*

    369 F.3d 1091, 1099 (9th Cir. 2004) ……………………………………….. 5

*Moon v. Harrison Piping Supply,*

    465 F.3d 719 (6th Cir. 2006)………………………………………………. 9

*Noll v. Carlson,*

    809 F.2d 1446 (9th Cir.1987)……………………………………………….

*Orcilla v. Bank of America, N.A.,*

    No. C10–03931 HRL, 2011 WL 1558140 (N.D.Cal. April 25, 2011)……………... 5, 11

*Patterson v. Mobil Oil Corp.,*

    335 F.3d 476 (5th Cir. 2003) ……………………………………………… 10

*Regions Bank v. J.R. Oil Co.,*

    387 F.3d 721 (8th Cir. 2004) ……………………………………………........10

*Rondberg v. McCoy,*

    No. 09-CV-1672-H (CAB), 2009 WL 3017611 (S.D.Cal. Sept. 21, 2009)…………. 11

*Sedima S.P.R.L. v. Imrex Co.,*

    741 F.2d 482 (2d Cir. 1984), *rev'd,* 473 U.S. 479, 105 S. Ct. 3275 (1985)…………. 6

*U.S. v. Turkette,*

    452 U.S. 576, 101 S.Ct. 2524 (1981)………………………………………..  10-11

<u>Miscellaneous</u>                                                                                                  <u>Page(s)</u>

Fed. R. Civ. Proc. 8…………………………………………….................................. 4

iii

Fed. R. Civ. Proc. 12(b)(6) ………………………………………….........................4

Fed. R. Civ. Proc. 56……………………………………………........................... 6

18 U.S.C. § 1961……………………………………………….......................... 6

18 U.S.C. § 1964(c) …………………………………………….......................... 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Preliminary Statement**

In a 274-page frivolous, rambling, and largely unintelligible complaint, Plaintiff Marc Aisen ("**Plaintiff**") completely fails to state any valid cause of action against defendant Erin Heidenreich ("**Ms. Heidenreich**").  While the Complaint repeatedly mentions the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, Plaintiff never properly pleads that claim, instead presenting an extensive discourse on the purported actions of Ms. Heidenreich and a series of persons unknown to her, including celebrities such as Madonna and Ashton Kutcher, who Plaintiff claims are involved in a cult together and conduct illegal activities such as human trafficking.

In fact, the Complaint is part of a campaign of harassment and menacing, for which Ms. Heinderich has sought a restraining order – a hearing for which order is scheduled for the date this motion is submitted.  Plaintiff is obsessed with Ms. Heidenreich, a neighbor of Plaintiff's in an apartment complex located in Venice, California.  Ms. Heidenreich briefly worked with Plaintiff on a purported documentary film project, and when she terminated that business arrangement, Plaintiff began a campaign of verbal and physical intimidation against her – and this lawsuit is nothing more than an attempt to further harass Ms. Heidenreich.  Despite the lengthy and wild accusations in the Complaint filed March 29, 2011 ("**Complaint**"),[1]  Plaintiff completely fails to state any cognizable claim against Ms. Heidenreich.  Therefore, the Complaint should be dismissed as to Ms. Heidenreich, with prejudice.

**Relevant Factual Background**

Plaintiff, against whom Ms. Heidenreich has successfully obtained a restraining order, has created an implausible tale of interactions between himself and Ms. Heidenreich, concocted from only a few limited meetings in the apartment building in which they both reside.  In January

---

[1] Although no affidavit of service has been filed with the Court, Plaintiff personally served Ms. Heidenreich on April 18, 2011.

2011, Plaintiff and Ms. Heidenreich met in the hallway of their apartment building, and had a brief conversation in which Plaintiff indicated he was working on a documentary film project. Affidavit of Erin Heidenreich dated May 9, 2011 ("**Heidenreich Aff**."), ¶ 3.  Ms. Heidenreich mentioned that her professional experience includes producing and editing films, and Plaintiff expressed an interest in hiring her for a project he was working on.  *Id.,* ¶ 4.  Ms. Heidenreich agreed to convert and save certain footage supplied by Plaintiff, as a freelance, at-will independent contractor, at a rate of $20 per hour.  *Id.*  The parties expressly agreed that Ms. Heidenreich's work on the project would be flexible, on an as-needed basis, and that either party could discontinue this arrangement at any time, for any reason.  *Id.*, ¶ 5.

Over the next several weeks, Ms. Heidenreich spent roughly twelve hours meeting with Plaintiff as well as converting footage, which was saved to a hard drive belonging to Plaintiff; she subsequently submitted an invoice to Plaintiff for the work she performed, which Plaintiff paid.  *Id.,* ¶ 6.  In the course of meeting with Plaintiff and viewing the footage he wanted to convert, Ms. Heidenreich became concerned about Plaintiff's mental state, and this fear was heightened when Ms. Heidenreich witnessed Plaintiff in a physical altercation with their building's superintendent.  *Id.,* ¶ 7.  Shortly thereafter, Ms. Heidenreich informed Plaintiff that she no longer wished to work for him, and returned his hard drive to him.  *Id.*, ¶ 8.  At this time, his behavior towards her changed dramatically: he began threatening her, both verbally and physically.  *Id.*, ¶ 9.  Plaintiff left menacing voicemail messages on Ms. Heidenreich's cell phone, and pounded with his fists on her apartment door.  *Id.*  In fact, Plaintiff's behavior was so erratic that Ms. Heidenreich sought a restraining order against Plaintiff on April 19, 2011, in the Superior Court of California, West District.  *Id.*, ¶ 10 and Exh. A.  The restraining order was granted by Judge Joseph Biderman today.  *Id.*, ¶ 10 and Exh. B.

Plaintiff's claims, therefore, are merely another aspect of his campaign of harassing Ms. Heidenreich.  Moreover, Ms. Heidenreich no longer works for Defendant Cinetic, and has not been employed there since February 2007.  *Id.*, ¶11.   She has never met any of the other individual defendants, or any of the individuals referenced in the complaint, nor does she have any knowledge of the entities named as "Kabbalah Centre" or "Launch Flix."  *Id.*, ¶12.   The documentary film produced by Ms. Heidenreich, to which the complaint evidently refers, tells the story of infertile American couples who have used Indian women as surrogates, and has been screened at roughly 30 festivals and seminars around the US and the world, including at Harvard and Columbia Law Schools. *Id.*, ¶14.   Ms. Heidenreich has no affiliation whatsoever with a film known as *Raising Malawi*.  *Id.*, ¶15.   In short, the complaint is replete with factual inaccuracies and outright fabrications.

## Argument

### I.      Standards on a Motion to Dismiss

Rule 12(b) (6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *citing* Fed. R. Civ. Proc. 8.  This pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Id.,* citation and internal quotation marks omitted. *"A pleading that offers labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do …* [n]or does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id. (*citation and internal quotation marks omitted).  Rather, in order to survive a motion to dismiss, a complaint must contain facts which, accepted as true, "state a claim to relief that is plausible on its face." *Id., citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).  Even a pro se litigant's complaint may be dismissed without leave to amend

where it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995), *citing Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987).  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Orcilla v. Bank of America, N.A.*, No. C10–03931 HRL, 2011 WL 1558140, at *2 (N.D.Cal., April 25, 2011) (dismissing a pro se plaintiff's complaint, with prejudice, for failure to state a valid civil RICO claim), *citing Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.199; *see also, e.g., Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (observing that "[a]lthough a pro se litigant … may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.").  In the Ninth Circuit, "district courts are only required to grant leave to amend if a complaint can possibly be saved."  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  "Courts are not required to grant leave to amend if a complaint lacks merit entirely."  *Id*.

        Plaintiff's complaint is, in essence, 275 pages of incoherent rambling and digression, directed not only at Ms. Heidenreich, but also at numerous celebrities and public figures – including Madonna and Ashton Kutcher – and entities with whom Ms. Heidenreich has no affiliation.  *See* Heidenreich Aff., ¶¶12-13.   Plaintiff's conclusory and fantastic accusations are occasionally punctuated by recitations of violations using language apparently culled directly from the RICO statutes; however, there are no factual allegations that could form the basis for a RICO claim, nor any other coherent claim, against Ms. Heidenreich.  The allegations contained in the Complaint fall woefully short of the standard articulated in *Iqbal*  and *Twombly*; after all, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.  Moreover, Plaintiff could not possibly amend the Complaint to cure these deficiencies and state a valid claim against Ms. Heidenreich, *See, e.g., McQuillion v. Schwarzenegge*r  369 F.3d 1091, 1099 (9th Cir. 2004) (affirming dismissal of a pro se complaint with prejudice where the plaintiff could not have amended his complaint to avoid collateral estoppel, all plaintiffs could not state cognizable damages claims, and the co-plaintiffs could allege no facts entitling them to prospective relief).

As set forth above and in the accompanying Heidenreich Aff., the Complaint is rife with outright fabrications about her, as well as factual inaccuracies regarding her short-lived freelance work for Plaintiff.  As such, there is no basis upon which Plaintiff could ever properly state a cause of action against Ms. Heidenreich, and the Complaint should be dismissed with prejudice.

In the alternative, the Court should grant Ms. Heidenreich summary judgment dismissing the claims in the complaint in their entirety, pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. Proc. 56; *see also, e.g.*, *Grove v. Mead School Dist. No. 354*, 753 F.2d 1528, 1532 (9th Cir. 1985).  Ms. Heidenreich has come forward with evidence, in the form of her declaration, which is beyond refute.  While the Complaint is plainly subject to a motion to dismiss, because the allegations contained in the Complaint, even if true, fail to state a cognizable cause of action against Ms. Heidenreich, nevertheless they are demonstrably untrue. In such an event, the Court may grant the movant summary judgment dismissing the Complaint on the merits.

## II.      Plaintiff's Allegations are Insufficient to State a Civil RICO Claim[2]

Civil RICO claims have been the subject of so much abuse that the courts have criticized their exploitation as "extraordinary, if not outrageous" and a "recurring nightmare."  *Sedima S.P.R.L. v. Imrex Co.*, 741 F.2d 482, 487 (2d Cir. 1984), *rev'd*, 473 U.S. 479, 105 S. Ct. 3275 (1985) (stating that the exploitation of private civil RICO is "extraordinary, if not outrageous"); *see also In re The Dow Co. Sarabond Products Liab. Lit.*, 666 F. Supp. 1466, 1470-71 (D. Col. 1987) (declaring civil RICO as a "recurring nightmare" and "a rather sloppily thought out kind of way to get the Mafia that everybody jumps on so they can have more fun with fraud.").  The Supreme Court has joined countless legal scholars in criticizing the civil RICO statute as "poorly drafted statute," and in recognizing that it has been consistently misapplied "by private

---

[2] The Complaint's caption also references the International Covenant on Civil and Political Rights ("**ICCPR**"); however, there are no subsequent allegations specific to the ICCPR, and in any event the ICCPR does not create a private right of action.  *See, e.g., Guaylupo-Moya v. Gonzales*, 423 F.3d 121, 137 (2d Cir.2005) (observing that the ICCPR "does not create a private right of action or separate form of relief enforceable in the United States courts.") (citations omitted.) While the Complaint's first paragraph lists numerous other Federal statutes, there are no allegations set forth as specific to these statutes, and as such it is impossible to respond to these "counts." *See Brazil v. U.S. Dept. of Navy, supra.*

plaintiffs" seeking to target "garden-variety fraud and ordinary commercial disputes." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249 (1989).  These concerns are fully applicable here, as the plaintiff has cobbled together a patently baseless RICO claim, in an apparent attempt to continue his pattern of harassing Ms. Heidenreich.

To state a civil claim for violation of the RICO statute, Plaintiff must allege (i) a RICO violation by Ms. Heidenreich, consisting of a pattern of multiple acts of "racketeering," and (ii) that Ms. Heidenreich's violation conferred standing on the plaintiff to assert his claim.  *See*, *e.g.*, 18 U.S.C. 1964(c); *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 952-53 (8th Cir. 1999) (plaintiffs lacked standing to assert civil claim based on alleged RICO violations).  A plaintiff has standing only if he has been "injured in his business or property" as a direct result of the defendant's RICO violations.  18 U.S.C. 1964(c).[3]  Here, plaintiff fails to allege the RICO injury necessary to confer RICO standing on him, does not plead this claim with sufficient specificity, and fails to allege a pattern of racketeering.  As such, his claim should be dismissed, with prejudice.

### A.  Plaintiff Does Not Allege a Pattern of Racketeering Activity

The "racketeering activity" prohibited by the Federal RICO statute is set forth at length in 18 U.S.C.A. § 1961, which recites a litany of criminal activities that may potentially form the basis for a RICO claim.  A "pattern" is at least two acts of racketeering activity occurring within a 10-year period.  18 U.S.C. § 1961(5).  It is well-established, however, that "sporadic" or "isolated" incidents, even if those incidents individually qualify as a RICO violation, do not constitute a "pattern" for the purpose of stating a civil RICO claim.  *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989).  Rather, to properly allege a pattern, the plaintiff must

---

[3] In full, 18 U.S.C. 1964(c), which creates a private right of action for litigants harmed by RICO violations, provides:

> "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final."

1   plead facts which, if true, establish that the alleged predicate acts (1) are related to one another,

2   *and* (2) "amount to or pose a threat of continued criminal activity."  *Id.* at 237.

3        The second prong of the "pattern" test, referred to as the "continuity" requirement, is a

4   "temporal concept" (*Id.* at 240-42), requiring plaintiffs to allege a series of past acts constituting

5   long-term criminal conduct (a "closed-ended" pattern), or fewer acts that nonetheless show a

6   specific threat of continuing into the future (an "open-ended" pattern).  *Id.* ("Congress was

7   concerned in RICO with long-term criminal conduct").  The Supreme Court has noted that, under

8   this rule while two instances of racketeering activity may theoretically constitute a pattern, more

9   than two acts will usually be required.  *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496,

10  n.14, 105 S. Ct. 3275, 3285 n.14 (1985) ("Indeed, in common parlance two of anything do not

11  generally form a 'pattern.'"). Similarly, where the alleged RICO violations have a natural ending

12  point, and are not likely to continue into the future, no pattern is alleged.  *See Efron v. Embassy*

13  *Suites (Puerto Rico), Inc.*, 223 F.3d 12, 19-20 (1st Cir. 2000) (no "open-ended" pattern was

14  alleged where defendants intended to defraud plaintiff with regard to a single business project,

15  because, "[a]lmost by definition, the alleged fraud had a limited life expectancy"); *see also*

16  *Baisden v. Bourne*, No. 8:06CV517, 2006 WL 3833329, at *6 (D. Neb. Dec. 29, 2006) ("Where

17  a fraudulent scheme inflicts or threatens only a single injury, it is unlikely Congress intended to

18  make the availability of treble damages and augmented criminal sanctions dependent on whether

19  the scheme enjoyed immediate success or took a period of time to meet with success.").

20       Applying these standards, Plaintiff has failed to allege that Ms. Heidenreich engaged in

21  any activity which might be construed as "racketeering," let alone a "continuous pattern" of such

22  activity.  Although there are references to general criminal activity throughout the Complaint, it

23  is far from clear which of the illegal activities set forth in Section 1961 Plaintiff believes Ms.

24  Heidenreich has engaged in.  While there is a brief reference to "human trafficking" at page 55,

25  in which Plaintiff asserts that "Ms. Heidenreich is in the same business as the other defendants,

26  that of human trafficking foreign children to be sold to rich, barren Westerners and the proof is

27  the money trail, documented reports, and their own admissions," it is impossible to extract

28  sufficient information from this single sentence that could form the basis for a "human

trafficking" claim against Ms. Heidenreich, which renders the Complaint deficient. *See Brazil v. U.S. Dept. of Navy, supra*. The film that Plaintiff appears to take issue with is a documentary produced by Ms. Heidenreich as about the relatively commonplace practice of surrogacy, and does not address trafficking issues. Heidenreich Aff., ¶ 14. Even if Plaintiff's complaint were liberally interpreted to constitute a contract claim against Ms. Heidenreich[4], a dispute over a single contractual issue is not the sort of long-term criminal activity that is required to support a RICO claim. *See, e.g., Moon v. Harrison Piping Supply*, 465 F.3d 719, 725-26 (6th Cir. 2006) (dismissing RICO claim on the pleadings where "[a]ll of the predicate acts . . . were keyed to Defendants' single objective of depriving [plaintiff] of his benefits."); *Jennings v. Auto Meter Products, Inc.*, 495 F.3d 466, 475-76 (7th Cir. 2007) (fact that plaintiff was the only alleged victim of a purported racketeering scheme was significant in holding that pleadings did not allege a pattern for purposes of stating a civil RICO claim).[5]

Simply put, Plaintiff has not, and cannot, allege that Ms. Heidenreich has participated in any long-term criminal activity to which RICO was intended to apply. The only allegations in the Complaint that be reasonably read as directed towards Ms. Heidenreich herself are those pertaining to her work on Plaintiff's documentary film project. Even taking Plaintiff's allegations regarding Ms. Heidenreich's cessation of work on Plaintiff's project as true, there is no criminal activity whatsoever alleged in connection with that project, nor could Plaintiff amend his Complaint to allege criminal activity based on his disappointment in Ms. Heidenreich's short-lived work performance. Accordingly, Plaintiff's motion must be dismissed, with prejudice.

**B. Plaintiff Lacks Standing to Bring a Civil RICO Claim**

To have standing to assert a damages claim under RICO, Plaintiff must allege an injury to his business or property directly caused by Ms. Heidenreich's alleged RICO violations. *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 274 (1992) (holding that "[a]llowing suits by those injured only indirectly would open the door to massive and complex damages litigation,

---

[4] Such a claim would be invalid in any case, as Ms. Heidenreich performed the work upon which the parties agreed, and her election not to engage with Plaintiff and perform additional work was entirely permissible.

1   which would not only burden the courts, but would also undermine the effectiveness of treble-

2   damages suits") (internal quotation marks omitted).  Thus, conclusory allegations of injury do

3   not suffice; rather, plaintiffs must allege facts showing they suffered "concrete financial loss" as

4   a direct result of the RICO predicate acts.  *See*, *e.g.*, *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d

5   1083, 1086-87 (9th Cir. 2002) (RICO claim was properly dismissed because, "[t]o demonstrate

6   injury for RICO purposes, plaintiffs must show proof of concrete financial loss"); *Patterson v.*

7   *Mobil Oil Corp.*, 335 F.3d 476, 492 n.16 (5th Cir. 2003) (noting that "[a] plaintiff may not sue

8   under RICO unless he can show concrete financial loss"); *Regions Bank v. J.R. Oil Co.*, 387 F.3d

9   721, 728 (8th Cir. 2004) (pleading RICO injury requires allegations of "concrete financial loss,

10  and not mere injury to a valuable intangible property interest") (internal quotation marks

11  omitted).

12          Here, Plaintiff alleges some unspecified business injury in completely conclusory terms,

13  but fails to identify any concrete financial loss suffered. Plaintiff's "Summary of Damages" at

14  the final page of the Complaint does not identify which of the numerous named defendants is

15  responsible for which of the asserted damages, nor does the complaint draw any connection

16  between Plaintiff's lengthy ramblings and any defined financial injury.  With respect to his

17  dealings specifically with Ms. Heidenreich, Plaintiff paid her for approximately twelve hours of

18  work performed, and Ms. Heidenreich returned his hard drive to him promptly after concluding

19  their business arrangement.  Heidenreich Aff., ¶¶ 6, 8.  This series of events has in no way

20  injured Plaintiff, financially or otherwise.  Accordingly, Plaintiff lacks standing to assert a civil

21  RICO claim against Ms. Heidenreich, and there is no basis upon which the Complaint could be

22  amended to properly assert these claims.

23          **C.  Plaintiff Fails to Plead the Existence of An Alleged "Enterprise" with**

24              **Particularity**

25          Plaintiff fails to sufficiently allege the existence of a RICO "enterprise," which requires

26  "evidence of an ongoing organization, formal or informal," in which "the various associates

27  function as a continuing unit."  *U.S. v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528-2529

28  (1981).  It is insufficient, for example, to allege that a defendant "conducted the enterprise

through a series of fraudulent acts" and "conducted, organized, directed, controlled, and carried out the criminal racketeering enterprise and activities at issue."  *Orcilla v. Bank of America, N.A.*, supra, at *3.  Such allegations "are conclusory and clearly are not pled with particularity," and may be dismissed with prejudice.  *Id.*  To the extent Plaintiff is alleging any fraudulent activity as the basis for his claims (which is unclear altogether given his vague and ambiguous pleading), he fails to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which apply to civil RICO claims.  *See, e.g., Rondberg v. McCoy*, 2009 WL 3017611, at *3 (S.D.Cal. 2009) (dismissing civil RICO complaint that failed "to specify what the alleged fraudulent and deceptive statements were, or provide factual support for [plaintiffs'] contentions that these statements were allegedly illegal.").

Here, the Complaint, like the one considered in *Orcilla v. Bank of America, N.A, supra,* makes only conclusory statements regarding Ms. Heidenreich's participation in any alleged "enterprise," and, as described above, fails to state any of her purported criminal activities with particularity.  Therefore, Plaintiff's RICO claim must be rejected for this additional reason, and leave to amend should be denied.

### Conclusion

For all of the foregoing reasons, Plaintiff's Complaint should be dismissed, with prejudice.

Dated: May 9, 2011                              JOHNSON GALLAGHER MAGLIERY LLC


By:   /s/
      Meredith F. Bergman (SB # 242840)
99 Wall Street - 15th Floor
New York, New York 10005
Telephone:  (212) 248-2220
Facsimile:  (212) 248-0170
Attorneys for Defendant Erin Heidenreich

11