Meredith F. Bergman (SB #242840)
JOHNSON GALLAGHER MAGLIERY LLC
99 Wall Street – 15th Floor
New York, New York 10005
Telephone: (212) 248-2220
Facsimile: (212) 248-0170
Email: mbergman@jgmlaw.com
Attorneys for Defendant Erin Heidenreich

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC AISEN,<br><br>                    Plaintiff,<br><br>      v.<br><br>KAREN BERG, PHIL BERG, MICHAEL BERG, YEHUDA BERG, MADONNA CICCONE, ERIN HEIDENREICH, HAYDEN HOUSER, STEPHANIE HOUSER, ASHTON KUTCHER, CINECTIC, KABBALAH CENTRE AND THEIR ENTITIES, AND LAUNCH FLIX,<br><br>                    Defendants. | Case No. CV11-02627 AHM (JCGX)<br><br>**DECLARATION OF ERIN HEIDENREICH IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6), OR FOR SUMMARY JUDGMENT PURSUANT TO RULE 56** |

ERIN HEIDENREICH, pursuant to U.S.C. § 1746, declares as follows:

1.      I am a defendant in this action. I make this declaration in support of my motion to dismiss the Plaintiff's complaint, with prejudice, or alternatively for summary judgment. I have personal knowledge of the facts stated herein.

2.      I am extremely concerned that Plaintiff, who has engaged in a pattern of harassing and menacing behavior, had now haled me into court with fantastic allegations that I am in a cult with Madonna and Ashton Kutcher – all of which is patently false. In fact, just today Judge Joseph Biderman of the Los Angeles Superior Court granted my application for a restraining order against Plaintiff, whose behavior has become more and more worrisome, to the point that I now fear for my safety. The incredible claims in the complaint in this action are merely Plaintiff's latest way of harassing me, and should be dismissed, with prejudice.

3.     Plaintiff and I reside on the same floor in an apartment building located at 1902 Pacific Avenue, in Los Angeles.  We initially met in the building in mid-January 2011, and had a brief, friendly conversation in which Plaintiff indicated he was working on a documentary film project.

4.     I mentioned that my professional experience includes producing and editing films, and Plaintiff expressed an interest in hiring me for a project he was working on.  After some discussion about terms, I agreed to convert and save certain digital footage supplied by Plaintiff, as a freelance, at-will independent contractor, at a rate of $20 per hour.

5.     We agreed that my work on Plaintiff's project would be flexible, on an as-needed basis, and that either of us could discontinue this arrangement at any time, for any reason.

6.     Over the next couple of weeks, I spent roughly twelve hours meeting with Plaintiff as well as converting footage, which I saved to a hard drive that he owned. I subsequently submitted an invoice to Plaintiff for the work I performed, and he paid me as agreed.

7.     In the course of meeting with Plaintiff and viewing the footage he wanted me to convert, I became concerned about Plaintiff's mental state. This fear was heightened when I witnessed Plaintiff in a physical altercation with our building's superintendant.

8.     Shortly thereafter, I informed Plaintiff that I no longer wished to work for him, and returned his hard drive to him.

9.     At this time, his behavior towards me changed dramatically: he began threatening me, both verbally and physically.  He left menacing voicemail messages on my cell phone, and pounded with his fists on my apartment door when I refused to answer.

10.    In fact, Plaintiff's behavior was so erratic that after he served me with this lawsuit I sought a restraining order against him, in the Superior Court of California, Los Angeles County, West District.  Earlier today, my application for a restraining order was granted.  A copy of the papers I submitted in support of this restraining order is attached hereto as Exhibit A; a copy of the Court's order is attached hereto as Exhibit B.

11. I am not currently employed by Cinetic, another defendant in this lawsuit, and have not been employed there since February 2007.

12. I have never met any of the other individual defendants, or any of the individuals referenced in the complaint.

13. I have no knowledge of the entities named as "Kabbalah Centre" or "Launch Flix."

14. I am an executive producer of a documentary film called *Made in India,* which tells the story of infertile American couples who have used Indian women as surrogates. *Made in India* has been screened at roughly 30 festivals and seminars around the US and the world, including at Harvard and Columbia Law Schools.

15. I have no affiliation whatsoever with a film called *Raising Malawi*.

16. In short, I have no knowledge of any of the demonstrably false and defamatory assertions made by Plaintiff in his Complaint, and I deny that I am a participant in any scheme or organization, as alleged in the Complaint. I believe that Plaintiff is seeking to harm me, in reputation, financially, and perhaps physically, and I believe that the Complaint, and this action, is one of the many designs Plaintiff has to do so.

17. Accordingly, I respectfully request that the Court dismiss the Complaint, with prejudice.

18. I declare under penalty of perjury that the foregoing is true and correct. Executed on May 9, 2011

_____
Erin Heidenreich