MANATT, PHELPS & PHILLIPS, LLP
JOHN F. LIBBY (Bar No. CA 128207)
E-mail: jlibby@manatt.com
MATHEW ROSENGART (Bar No. CA 255750)
E-mail: mrosengart@manatt.com
DONALD R. BROWN (Bar No. CA 156548)
E-mail: dbrown@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for *Defendants*
KAREN BERG, PHILIP BERG, MICHAEL BERG,
YEHUDA BERG, and KABBALAH CENTRE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC AISEN,<br><br>Plaintiff,<br><br>vs.<br><br>KAREN BERG; PHIL BERG; MICHAEL BERG; YEHUDA BERG; MADONNA CICCONE; ERIN HEIDENREICH; HAYDEN HOUSER; STEPHANIE HOUSER; ASHTON KUTCHER; CINETIC; KABBALAH CENTRE; LAUNCH FIX,<br><br>Defendants. | CASE NO. CV 11-2627 AHM (JCGx)<br><br>**Hon. A. Howard Matz**<br><br>NOTICE OF MOTION AND MOTION OF DEFENDANTS KAREN BERG, PHILIP BERG, MICHAEL BERG, YEHUDA BERG AND KABBALAH CENTRE INTERNATIONAL, INC. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(5); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF OLGA FRAGOSO<br><br>Date: June 13, 2011<br>Time: 10:00 a.m.<br>Courtroom: 14<br><br>Complaint filed: March 29, 2011 |

300252385.1

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION BY KABBALAH CENTRE AND BERGS TO DISMISS UNDER FRCP 12(b)(5)

TO PLAINTIFF MARC AISEN:

PLEASE TAKE NOTICE that on June 13, 2011 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable A. Howard Matz in Courtroom 14 of the United States District Court for the Central District of California, 312 N. Spring Street, Los Angeles, CA 90012, defendants Karen Berg, Philip Berg, Michael Berg, Yehuda Berg and Kabbalah Centre International, Inc. will and hereby do move, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, to dismiss the complaint in this action for insufficient service of process or, in the alternative, to quash the purported service of summonses in this action on the ground that the summonses and complaint were not properly served.

This motion is exempt from Central District of California Local Rule 7-3 by operation of Local Rule 16-12(c), because Plaintiff is appearing *pro se* and is not an attorney.

This motion is based on this notice of motion, the attached Memorandum of Points and Authorities, the attached Declaration of Olga Fragoso, all pleadings and papers on file in this matter, and all other such evidence or argument as may be submitted to the Court at or prior to the hearing.

Dated: May 9, 2011

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Donald R. Brown
Donald R. Brown
Attorneys for *Defendants*
KAREN BERG, PHILIP BERG,
MICHAEL BERG, YEHUDA
BERG, and KABBALAH
CENTRE

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 1
II. RELEVANT FACTS ...................................................................................... 2
III. LEGAL STANDARD ..................................................................................... 3
IV. ARGUMENT .................................................................................................. 3
    A. Plaintiff Did Not Properly Serve the Bergs ........................................... 3
        1. Plaintiff Did Not Personally Serve the Bergs ............................. 3
        2. Plaintiff Did Not Effectuate Substitute Service on the Bergs .......................................................................................... 4
    B. Plaintiff Did Not Properly Serve Kabbalah Centre .............................. 6
        1. Plaintiff Did Not Personally Serve Kabbalah Centre ................. 6
        2. Plaintiff Did Not Effectuate Substitute Service on Kabbalah Centre ........................................................................ 6
V. CONCLUSION ............................................................................................... 7

## **TABLE OF AUTHORITIES**

**Page**

### CASES

*Benny v. Pipes*,
  799 F.2d 489 (9th Cir. 1986) ............................................................................... 3

*Brockmeyer v. May*,
  383 F.3d 798 (9th Cir. 2004) ............................................................................... 3

*Espindola v. Nunez*,
  199 Cal. App. 3d 1389 (1988) ............................................................................ 4

*Evartt v. Superior Ct.*,
  89 Cal. App. 3d 795 (1979) ................................................................................ 4

*Khourie, Crew & Jaeger v. Sabek, Inc.*,
  220 Cal. App. 3d 1009 (1990) ......................................................................... 5, 7

*Oyama v. Sheehan*,
  253 F.3d 507 (9th Cir. 2001) ............................................................................... 3

*S.E.C. v. Ross*,
  504 F.3d 1130 (9th Cir. 2007) ............................................................................. 3

*Stafford v. Mach*,
  64 Cal. App. 4th 1174 (1998) ............................................................................. 4

*Taskos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.*,
  12 Cal. App. 4th 74 (1993) .............................................................................. 5, 7

### STATUTES

Cal. Code Civ. Proc. § 415.10 .................................................................................. 4

Cal. Code Civ. Proc. § 415.20 ............................................................................... 4, 5

Cal. Code Civ. Proc. § 415.20(a) .............................................................................. 7

Cal. Code Civ. Proc. § 415.20(b) .......................................................................... 4, 5

Cal. Code Civ. Proc. § 416.10 .................................................................................. 6

Cal. Code Civ. Proc. § 416.90 .................................................................................. 4

### OTHER AUTHORITIES

5 C. Wright & A. Miller, Federal Practice and Procedure, § 1353, at 348
  (2004) .................................................................................................................. 3

# TABLE OF AUTHORITIES
### (continued)

**Page**

**RULES**

Fed. R. Civ. Proc. 4 ..................................................................................................... 3

Fed. R. Civ. Proc. 4(e) ................................................................................................ 4

Fed. R. Civ. Proc. 4(h)(1)(A) ...................................................................................... 6

Fed. R. Civ. Proc. 4(h)(1)(B) ...................................................................................... 6

Fed. R. Civ. Proc. 12(b)(5) ......................................................................................... 1

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

300252385.1

iii

MOTION BY KABBALAH CENTRE AND BERGS TO DISMISS UNDER FRCP 12(b)(5)

## I. INTRODUCTION

Defendants Karen Berg, Philip Berg, Michael Berg and Yehuda Berg (the "Bergs"), and Kabbalah Centre International, Inc. ("Kabbalah Centre"), request dismissal of this action under Rule 12(b)(5) of the Federal Rules of Civil Procedure because Plaintiff has failed to properly serve a summons and complaint on any of these defendants.[1] The only purported service that Kabbalah Centre and the Bergs are aware of occurred on April 18, 2011, when a courier left a box containing copies of the summons and complaint with a receptionist at the Kabbalah Centre, without properly explaining what was purportedly being served on whom, and after being told by the receptionist that she was not authorized to accept service of any legal documents.

Plaintiff clearly has not effected personal service on Kabbalah Centre or the Bergs. Nor has Plaintiff effected substitute service on Kabbalah Centre or the Bergs. Moreover, any resort to substitute service would be premature in the case of the Bergs because Plaintiff has not reasonably exhausted attempts to serve them personally.

Accordingly, the action should be dismissed as to Kabbalah Centre and the Bergs. At a minimum, Kabbalah Centre and the Bergs respectfully request that the summonses left in the Kabbalah Centre reception area on April 18 be quashed.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] The complaint names "Kabbalah Centre and its affiliated entities" as defendants. However, there is no legal entity named "Kabbalah Centre." Presumably, Plaintiff had in mind Kabbalah Centre International, Inc., which, purely for the sake of convenience, will be referred to herein as "Kabbalah Centre." It is not clear what "affiliated entities" Plaintiff has in mind, and, thus, no response on behalf of any such entity is possible at this time.

300252385.1      1

## II. RELEVANT FACTS

Plaintiff filed the complaint in this action on March 29, 2011.[2] [Dkt No. 1] On April 18, 2011, a man carrying a box entered the Kabbalah Centre reception area in Los Angeles and told the receptionist that he had "subpoenas" for Karen Berg, Michael Berg and Yehuda Berg. (Declaration of Olga Fragoso ("Fragoso Decl."), ¶ 3.) He did not mention Kabbalah Centre itself or Rabbi Philip Berg. (*Id.*) The receptionist told him that none of the people he mentioned were present and that she was not authorized to accept the documents. (*Id.*, ¶ 4.) Without saying anything further, the man dropped the box at the receptionist's feet, departed, and has never returned. (*Id.*) As it turned out, the box contained, not subpoenas, but five identical summonses and five copies of the complaint in this action. (*Id.*, ¶ 5.)

The receptionist was not authorized to accept service of any legal documents on behalf of Kabbalah Centre or the Bergs, nor has she ever been. (*Id.*, ¶ 6.) Moreover, because the courier did not mention Rabbi Berg or Kabbalah Centre when he dropped the box in the reception area (*id.*, ¶ 3), it is unclear if Rabbi Berg and Kabbalah Centre were among the defendants Plaintiff intended to serve at that time. Nonetheless, given Rabbi Berg's relationship to Kabbalah Centre and the other Bergs, and given that the box was left at the Kabbalah Centre, defendants will give Plaintiff the benefit of the doubt and assume that Rabbi Berg and Kabbalah Centre were among the targets of this clearly deficient attempt at service.

Kabbalah Centre and the Bergs are not aware of any attempt by Plaintiff to effect substitute service. Although the docket in this case reflects recently-filed declarations from a purported process server stating that copies of the summons and complaint were purportedly mailed to the Kabbalah Centre two

---

[2] By this motion, Defendants do not address the "merits" of the Complaint, as they are beyond the scope of this motion. Suffice to say, the claims are factually and legally preposterous, and Defendants categorically reject them.

weeks ago, in fact no such documents have ever arrived by mail at the Kabbalah Centre. (*Id.*, ¶ 7.)

## III. LEGAL STANDARD

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance" with Rule 4 of the Federal Rules of Civil Procedure. *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). "Without a proper basis for jurisdiction, or in the absence of service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *Id.* at 1138-39. Moreover, although Rule 4 is a flexible rule that should be liberally construed, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'" *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

Once service is challenged, the plaintiff bears the burden of establishing sufficiency of process. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff fails to meet that burden, the court has broad discretion to either dismiss the action without prejudice or retain the case but quash the service of process. *Oyama v. Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1353, at 348 (2004).

## IV. ARGUMENT

### A. Plaintiff Did Not Properly Serve the Bergs.

#### 1. Plaintiff Did Not Personally Serve the Bergs.

Personal service is only effectuated on a natural person when a copy of the summons and complaint has either been (i) actually delivered to that person, (ii) left at that person's "dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (iii) delivered to someone authorized by law to

1 accept service on the defendant's behalf. *See* Fed. R. Civ. Proc. 4(e); Cal. Code
2 Civ. Proc. §§ 415.10, 416.90.

3 There is no evidence that Plaintiff has effected personal service on the
4 Bergs under any these alternatives. Rather, the only known purported service on
5 the Bergs occurred when a courier left copies of the summons and complaint at a
6 place of business with someone who was not authorized to accept service on their
7 behalf and who had made her lack of authority clear to the courier.

### 2. **Plaintiff Did Not Effectuate Substitute Service on the Bergs.**

In certain circumstances under California law,[3] service may be effected by delivering the summons and complaint to someone other than the defendant (or an individual authorized by law to receive service on the defendant's behalf), <u>and</u> thereafter mailing additional copies to the defendant. *See* Fed. R. Civ. Proc. 4(e); Cal. Code Civ. Proc. § 415.20. This method of service is referred to as "substitute service." Plaintiff has not met this requirement either.

Before even *attempting* substitute service on a natural person, a plaintiff must make a showing that the summons "cannot with reasonable diligence be personally delivered" to that person. *See* Fed. R. Civ. Proc. 4(e); Cal. Code Civ. Proc. § 415.20(b). Generally, at least two or three attempts to personally serve a natural person "at a proper place" (like a residence or place of work) is necessary to prove "reasonable diligence." *See Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988); *see also Stafford v. Mach*, 64 Cal. App. 4th 1174, 1182 (1998). The plaintiff bears the burden of proving that reasonable attempts at personal service were made before resorting to substitute service. *Evartt v. Superior Ct.*, 89 Cal. App. 3d 795, 801 (1979).

Moreover, even assuming, *arguendo*, that Plaintiff had exhausted reasonable efforts at personal service, he has not satisfied the follow-up steps for

---

[3] Rule 4(e) allows for service by any means authorized under state law in the state where the district court is located or where service is made.

effecting substitute service. To effectuate substitute service of a summons and complaint on a natural person, a plaintiff must do the following:

1. Deliver the documents to the person's dwelling, usual place of business, or usual mailing address;

2. Leave the documents with a "competent member of the household" or person "apparently in charge of his office or place of business," *who must be told what the papers are;* and

3. Thereafter, mail copies of the documents to wherever the copies were left as described above.

Cal. Code Civ. Proc. § 415.20(b) (emphasis added); *see also Taskos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.*, 12 Cal. App. 4th 74, 85 (1993) ("[A]lthough service may be completed by leaving a copy of the summons and complaint at the business office of the person to be served, *a copy of the summons must thereafter be mailed to the person to be served*") (emphasis in original); *Khourie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009, 1013 (1990) ("The evident purpose of Code of Civil Procedure section 415.20 is to permit service to be completed upon a good faith attempt at a physical service on an actual person, plus actual notification of the action by mailing the summons and complaint to the appropriate party") (emphasis added).

Even assuming, *arguendo*, that dropping the box of documents at the receptionist's feet at the Kabbalah Centre qualified as delivering documents to the Bergs' place of business and leaving them with a person "apparently in charge," the courier did not properly explain what the documents were, nor did he mention that the documents were intended for Rabbi Berg in addition to the other Bergs. Rather, he delivered five identical summonses, leaving it to guesswork which defendants were purportedly being served. Moreover, it appears that Plaintiff never mailed a copy of the summons and complaint to the Bergs at the Kabbalah Centre address (where the documents were originally left). (*See* Fragoso Decl., ¶ 7.)

Accordingly, and regardless of whether Plaintiff had exercised the reasonable diligence necessary before resorting to substitute service, Plaintiff has not fulfilled the requirements for effectuating substitute service.

### B. Plaintiff Did Not Properly Serve Kabbalah Centre.

#### 1. Plaintiff Did Not Personally Serve Kabbalah Centre.

Under federal law, a corporation is personally served through delivery to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. Proc. 4(h)(1)(B). Similarly, under California law, personal service on a corporation may be delivered "[t]o the person designated as agent for service of process;" or "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Code Civ. Proc. § 416.10.

The Kabbalah Centre receptionist does not hold any of the titles specified in Rule 4(h)(1)(B) or Code of Civil Procedure section 416.10, nor was she authorized to accept service on Kabbalah Centre's behalf. Thus, Kabbalah Centre was not personally served with process.

#### 2. Plaintiff Did Not Effectuate Substitute Service on Kabbalah Centre.

As with individuals, corporations may be served via substitute service under California law (and, therefore, under Rule 4(h)(1)(A)), *if* certain conditions are met. Specifically, in order to effectuate substitute service on a corporate defendant, a plaintiff must:

1. Leave a copy of the summons and complaint during usual office hours in the defendant's office; or

2. If no physical address is known, leave a copy of the summons and complaint may at the defendant's usual mailing address, other than a United State Postal Service post office box, with the person who is apparently in charge thereof; and

3. After a copy of the summons and complaint is left either at the defendant's office or at his or her mailing address, mail other copies (prepaid by first class mail) to such person at the place where the copies were left.

Cal. Code Civ. Proc. § 415.20(a). As with substitute service on an individual, substitute service on an entity is ineffective without mailing a copy of the summons and complaint to the entity defendant. *See Taskos Shipping & Trading, S.A*, 12 Cal. App. 4th at 85; *Khourie, Crew & Jaeger*, 220 Cal. App. 3d at 1013.

Again, as with the Bergs, Kabbalah Centre has no record of receiving by mail any copies of the summons and complaint. (*See* Fragoso Decl., ¶ 7.) Thus, service on Kabbalah Centre (and its unidentified "affiliates") is ineffective and should be quashed.

## V. CONCLUSION

For the foregoing reasons, the Bergs and Kabbalah Centre respectfully request the Court dismiss the action as to them or, alternatively, enter an Order quashing the purported service of summonses as to them.

Dated: May 9, 2011          MANATT, PHELPS & PHILLIPS, LLP


By: /s/ Donald R. Brown
    Donald R. Brown
    Attorneys for *Defendants*
    KAREN BERG, PHILIP BERG,
    MICHAEL BERG, YEHUDA BERG and
    KABBALAH CENTRE

# DECLARATION OF OLGA FRAGOSO

I, Olga Fragoso, declare:

1. Since June 12, 2009, I have been employed as a receptionist for Kabbalah Centre International, Inc. at 1062 South Robertson Boulevard in Los Angeles, California ("Kabbalah Centre"). I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could competently testify to those facts.

2. I make this declaration in support of the motion by defendants Karen Berg, Michael Berg, Yehuda Berg and Rabbi Philip Berg (collectively, the "Bergs") and defendant Kabbalah Centre to dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

3. On April 18, 2011, I was in the Kabbalah Centre reception area when a man carrying a box entered the reception area and said that he had "subpoenas" to serve on Karen Berg, Michael Berg and Yehuda Berg. He made no mention of Rabbi Berg or Kabbalah Centre itself.

4. I told the man that none of the people he mentioned were present and, further, that I was not authorized to accept service of process on their behalf. Without saying anything further, the man dropped the box at my feet, departed, and, to the best of my knowledge, has never returned to the Kabbalah Centre.

5. The box contained five identical summonses and five copies of the complaint in this action.

6. I am not, and have never been, authorized to accept service of process on behalf of Kabbalah Centre or the Bergs.

7. As part of my duties as receptionist, I open all mail sent to the Kabbalah Centre address. To the best of my knowledge, no copies of the summons and complaint in this action have been mailed to that address or to any other address affiliated in some fashion with Kabbalah Centre.

1  I declare under penalty of perjury pursuant to the laws of the State of
2  California that the foregoing is true and correct. Executed this 9th day of May,
3  2011, at Los Angeles, California.

Dated: May 9, 2011          By: _____
                                 Olga Fragoso

300251882.1

## PROOF OF SERVICE

I, Carlyn Falls, declare as follows:

I am employed in Los Angeles County, Los Angeles, California. I am over the age of eighteen years and not a party to this action. My business address is MANATT, PHELPS & PHILLIPS, LLP, 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On May 9, 2011, I served the within:

**NOTICE OF MOTION AND MOTION OF DEFENDANTS KAREN BERG, PHILIP BERG, MICHAEL BERG, YEHUDA BERG AND KABBALAH CENTRE INTERNATIONAL, INC. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(5); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF OLGA FRAGOSO**

on the interested parties in this action addressed as follows:

> MARC AISEN
> 1902 Pacific Avenue, Apt. 13
> Venice, CA 90291
> Phone: (917) 557-1574
> *In Pro Se*

[X] **(BY MAIL)** By placing such document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

[ ] **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically at [time] from my e-mail address, CFalls@manatt.com at Manatt, Phelps & Phillips, LLP, Los Angeles, California, to the person(s) at the electronic mail addresses listed above. The transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on May 9, 2011, at Los Angeles, California.

_____
Carlyn Falls

300252478.1

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE